Wilson, J.
It is a matter of common knowledge that in agricultural communities, the measurement of hay in the rick or stack is a most prolific source of misunderstanding and of differences among dealers in that commodity. The various and differing methods of measurement seem to be equaled only by the varied and differing results in computation of the contents. The case at bar presents no exception to this usu'al rule. The plaintiff Stranahan sold to the defendant eleven ricks of hay, at a certain rate per ton. Each selected a man to measure and determine the amount of hay in the ricks. These two agree.d upon the manner of measurement and proceeded to make it, agreeing also as to how many cubic feet of alfalfa, and how many of wild or tame hay should constitute a ton. The various figures of the measurements were taken down by these two in writing, and signed by them, and are set forth in the record. The difficulty arose from the computation. The first result announced was that the total amount of hay was seventy-eight and one fourth tons, and for this amount the defendant paid the plaintiff at the rate agreed. It is claimed, however, that at this time there was an agreement between the parties that if it was thereafter found from further investigation or calculation that the defendant had paid too much, the plaintiff was to refund the excess; or, if the defendant had paid too little, he was to pay the additional *456 amount due. Upon the next day, the gentleman who represented the plaintiff in the measurement informed him that he had made a mistake in his calculation; that the ricks contained eleven moré tons than he had estimated on the day previous. Thereupon, the plaintiff demanded pay for the additional eleven tons, and this being refused he commenced suit before a justice of the peace, and thereafter the case was appealed to the county court, in which the judgment now before this court for review was rendered in favor of plaintiff for the amount claimed.
There are but two questions involved in the case, and both are questions of fact to be determined from the evidence: 1. Was there an agreement that in case a mistake was discovered the plaintiff should refund if he had been overpaid, and the defendant should pay the difference if he had not paid sufficient according to the original agreement of purchase ? 2. How many tons of hay were there in the ricks ? A consideration of these questions in this court would require a review of the evidence. An insuperable objection to this is that the certificate of the county judge expressly recites that the evidence contained in the bill of exceptions was only a part of the evidence offered on the trial. It has been repeatedly decided, both by this court and by the supreme court, that where a bill of exceptions does not purport to contain all of the evidence, an objection that judgment is not sustained by the evidence cannot be considered. In such case, the finding or verdict is conclusively presumed to be correct. There is a conclusive presumption that such facts were proved as were necessary to sustain the judgment. This has been so often held in this jurisdiction that no citation of authorities is necessary.
The defendant strenuously urges that the figures of the measurements having been agreed to by the two parties who represented the parties to this suit, nothing remains to determine the contents of the ricks but a simple mathematical calculation which this court can readily, and ought to, make. We do not agree to this, and must refuse to assume the bur *457 den which is sought to be imposed upon us. The judges of courts are presumed (sometimes a violent presumption) to be learned in the law, but we nowhere find the doctrine laid down in the books that they are presumed to be learned in mathematics. It is true, as insisted by defendant, that well known scientific truths do not require nor admit of proof, and that the obvious facts of natural science are judicially recognized. Bliss on Code Pl. §§ 177, 187, 188. But we do not understand this rule to apply to results which require a mathematical calculation to demonstrate, and this, too, whether such calculation be considered easy or difficult. What one might consider easy might be quite difficult to another and vice versa. The contents of the ricks were facts to be proved as any other fact, and this was attempted because we find that several witnesses testified as to these contents, basing their calculations upon the conceded measurements made by the representatives of the two parties. Among these witnesses was the dean of the mathematical department of the Colorado State University. Even though the members of this court might have perfect confidence in their ability to solve the mathematical problem presented, yet, for the ; easons given, we think there is neither legal nor moral obligation upon us to resolve ourselves into a mathematical bureau to determine which of the witnesses who testified were correct. This question of fact was resolved by the trial court, and, it will be presumed, upon sufficient evidence.
The judgment must be affirmed, and such will be the order.

Affirmed.